**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **WILLIAM H. WILSON JR.,** | * | **CIVIL ACTION NO. 17-2997** |
| | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **VERSUS** | * | **JUDGE VANCE** |
| | * | |
| **NICHOLAS G. GREST, ET AL.,** | * | |
| | * | |
| **Defendant.** | * | **MAGISTRATE WILKINSON** |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

Defendant Carrington Mortgage Services, LLC (CMS) and Deutsche Bank National Trust Company FKA Bankers Trust Company of California, N.A., as Trustee for the Holders of the Vendee Mortgage Trust 1999-2 ("Deutsche Bank"),[1] move to dismiss Plaintiff William H. Wilson Jr., complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  In the alternative, CMS and Deutsche Bank move for a more definite statement pursuant to Fed. R. Civ. P. 12(e).

### I.      RULE 12(B)(6) STANDARD

A district court may dismiss a complaint, or any part of it, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief.[2]

Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with

---

[1] Deutsche Bank was improperly identified in the complaint as Bankers Trust Company of California, N.A., as Trustee of Vendee Mortgage Trust Deutsche Bank National Trust Company formerly known as 1999-2.
[2] Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)).

"fair notice" of the claim and its basis.  While detailed factual allegations are not required, they "must be enough to raise a right to relief above the speculative level."[3]   The central issue under Rule 12(b)(6) is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.[4]

Moreover, a plaintiff's entitlement to relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5]  "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[6]  "But where the well-pleaded facts do not permit the court to infer more than mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[7]

The Ninth Circuit explained Rule 12(b)(6)'s standards in *Starr v. Baca*:[8]

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

In general, a court cannot look beyond the pleadings in deciding Rule 12(b)(6) motions.[9] If matters outside the pleadings are presented, the court has complete discretion to accept the evidence and treat the motion as one for summary judgment.[10]  "Pleadings" for purposes of a

---

[3] *Twombly*, 127 S.Ct. at 1964-1965.
[4] *Id.*
[5] *Id.* (citations omitted).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).
[7] *Id.*, citing Fed. R. Civ. P. 8(a)(2).
[8] 625 F.3d 1202, 1216 (9th Cir. 2011).
[9] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).
[10] *See* Fed. R. Civ. P. 12(d).

Rule 12(b)(6) motion include attachments to the complaint.[11]  Likewise, documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]."[12]  It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."[13]  Accordingly, documents falling under these categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Manually attached to Wilson's complaint are two boxes of documents.[14]  These documents should be considered part of Wilson's pleading.  In order to assist the Court in ruling on the motion to dismiss, documents originally attached to the complaint which are relevant to this motion have been reproduced and attached as exhibits "P-___."

## II.     FACTUAL ALLEGATIONS

Wilson filed suit against Nicholas G. Grest, Herschel C. Adcock, Jr., CMS, and Deutsche Bank.[15]   Piecing together the vague allegations in the complaint and the documents attached, Wilson alleges that he executed a promissory note in the amount of $58,000 and mortgage on February 25, 1999 in favor of the Secretary of Veterans Affairs.[16]   The note was endorsed to Bankers Trust Company of California, N.A., as Trustee for Vendee Mortgage Trust 1999-2 on June 24, 1999.[17]  Bankers Trust Company of California, N.A. is now known as Deutsche Bank National Trust Company.

---

[11] *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[12] *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp*., 343 F.3d 719, 725 (5th Cir.2003).
[13] *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir.2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir.1994).
[14] R. Doc. 1-2.
[15] R. Doc. 1
[16] R. Doc. 1, Count II, <u>Plain Statement</u>, ¶ 5; R. Doc. 1-2; Exhibit P-1 – Promissory Note.
[17] R. Doc. 1-2;  Exhibit P–1 – Promissory Note.

Mr. Grest and Mr. Adcock are attorneys representing Deutsche Bank in a civil action against Wilson filed in the Civil District Court, Parish of Orleans, suit no. 2009-11382.[18] CMS became the servicer of Wilson's mortgage loan, effective September 1, 2016.[19]

## III.   DEUTSCHE BANK IS NOT A DEBT COLLECTOR

The FDCPA seeks to eliminate "abusive, deceptive, and unfair debt collection practices" by regulating the type and number of contacts a "debt collector" can make with a debtor.[20]  It applies to "debt collectors," which is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[21]  The U.S. Supreme Court recently construed the definition in *Henson v. Santander Consumer USA, Inc.*, ___ U.S. ___, 137 S.Ct. 1718, 198 L.Ed.2d 177 (2017), which decision is dispositive of the claims against Deutsche Bank.

*Henson* involved a loans that were assigned to Santander after origination.  CitiFinancial Auto loaned money to petitioners to buy cars.  After petitioners defaulted on the loans, Santander purchased the defaulted loans from CitiFinancial and sought to collect on the loans.  Petitioners alleged Santander's collection practices violated the FDCPA.[22]  The Supreme Court affirmed the decision of the Fourth Circuit that Santander was not a "debt collector" because Santander was not seeking to collect debts owed to another, but instead sought to collect debts that it purchased and owned.  The Supreme Court began its opinion noting that the plain language of the FDCPA

---

[18] R. Doc. 1-2; Exhibit P-2 – Letter Dated September 15, 2016 to the Orleans Parish Clerk of Court enclosing Joint Motion and Order to Substitute Counsel of Record.

[19] R. Doc. 1-2; Exhibit P-3 – Notice of Servicing Transfer dated September 10, 2016; P-4 – Letter to Wilson dated November 30, 2016, identifying Bankers Trust Company of California, N.A., as Trustee of Vendee Mortgage Trust Deutsche Bank National Trust Company formerly known as 1999-2 as the investor / note holder and CMS as the current servicer.

[20] 15 U.S.C. § 1696.

[21] 15 U.S.C. § 1692a(6).

[22] *Henson v. Santander Consumer USA, Inc.*, ___ U.S. ___, 137 S.Ct. 1718, 1721, 198 L.Ed.2d 177 (2017)

defining debt collects to include those who regularly see to collect debts "owed … another" focuses the attention on third party collection agents working for a debt owner, not on a debt owner seeking to collect debts for itself.[23]   The Supreme Court further rejected petitioners' arguments that Santander qualified as a debt collector because it purchased the debts after it was in default.[24]

   *Henson* confirms that the FDCPA does not apply to persons collecting on debts they own, irrespective of when the person became the owner of the debt. Additionally, FDCPA § 1692(a)(6)(F) specifically excludes from it definition of debt collector a person whose debt collection activity "is incidental to a bona fide fiduciary obligation."[25]   Louisiana law provides that a trust can only act through its trustee.[26]   Thus, a trustee for a trust which holds a promissory note, such as Deutsche Bank here, is not a debt collector for purposes of the FDCPA.[27]

   Attached to Plaintiff's complaint is a copy of his February 1999 promissory note, which contains an endorsement from the original lender to Bankers Trust Company of California, N.A., as Trustee for Vendee Mortgage Trust 1999-2 dated June 24, 1999.[28]   Plaintiff further admits that Banker's Trust Company is now known as Deutsche Bank National Trust Company.[29]   Thus, Deutsche Bank is not a debt collector under the FDCPA and must be dismissed from this action.

---

[23] *Id.*

[24] *Id.*, at 1721-25.

[25] 15 U.S.C.§ 1692(a)(6)(F).

[26] *Crutcher-Tufts Resources, Inc. v. Tufts*, 2009-1572 (La. App. 4 Cir. 4/28/10), 38 So.3d 987, 990 ("A trust can only act through its trustee.  La. R.S. 9:1781, 9:2091.").

[27] *See Junod v. Mortgage Electronic Registration Systems, Inc.*, 2014 WL 3844820 (9th Cir. April 6, 2014)(US Bank as trustee of the CSMC Trust which held the plaintiffs' mortgage note was not a debt collector); *Morgan v. U.S. Bank Nat. Ass'n*, 2012 WL 6096590 (N.D. Cal. Dec. 7, 2012)(US Bank as trustee of the Sasco 2005-WF4 trust was not a debt collector);  *Trinh v. Citibank, NA*, 2012 WL 6574860 (N.D. Cal. Dec. 17, 2012)(trustee was not a debt collector).

[28] R. Doc. 1-2; Exhibit P–1 – Promissory Note.

[29] R. Doc. 1-2; Exhibit P -5 - Mar. 7, 2017 letter from CMS to Wilson.

947447.1

## IV.    FAIR NOTICE OF THE FACTUAL ALLEGATIONS HAS NOT BEEN PROVIDED

Pretermitting the issue of whether Deutsche Bank is a debt collector, Wilson's complaint must be dismissed for the additional reason that he has not given each defendant fair notice of the factual allegations against them.  "A plaintiff cannot simply offer broad allegations against all of the defendants…, but instead must give each defendant fair notice of the factual allegations asserted against them individually." [30]  A complaint which lumps defendants together and provides no factual basis to distinguish their conduct fails to give each defendant fair notice of the plaintiff's claim as required by Fed. R. Civ. P. 8.[31]

As discussed above, Wilson alleges he executed a promissory note and mortgage. Deutsche Bank is the current holder of the note and CMS is the current servicer.  Defendants Adcock and Grest are attorneys representing Deutsche Bank in a state court action against Wilson.  The remaining allegations in the complaint are impermissibly vague.  Wilson broadly makes allegations against all defendants without any specificity whatsoever.   While the allegations against each defendant are presented in separate counts, each count is virtually identical.[32]  Wilson makes sweeping allegations in each count that "the defendant" made false representations, that "the defendant" was using the foreclosure process to conceal the identity and source of illicitly obtained money,  "the defendant" falsely and deceptively requested certain financial disclosures from plaintiff, and "the defendant" falsely represented a number of facts,

---

[30] *Middleton v. Parrish Snead Franklin Simpson, PLC*, 2017 WL 774912, * 2 (D. Nev. Feb. 27, 2017).

[31] *Atuahene v. City of Hartford*, 2001 WL 604902, * 1 (2nd Cir. May 31, 2001); *VanZandt v. Oklahoma Dept. of Human Serv*., 2008 WL 1945344, * 5 (10th Cir. May 5, 2008)(use of the term defendants is insufficient "because the purposes of plausibility, notice and gatekeeping, are best served by requiring plaintiffs to directly link an actual individual with the alleged improper conduct."); *see also Del Castillo v. PMI Holdings North America Inc*., 2016 WL 3745953, * 13 (S.D. Tex. July 13, 2016)(negligence allegations were insufficient where plaintiff did not in any way distinguish the alleged actions of the defendants).

[32] Count 1 against Nicholas Grest contains a few less paragraphs than the other counts.  Other than the omitted paragraphs and slight changes to sentence structure in some of the other counts, Count 1 is identical to the allegations against the other three defendants.

among other similarly vague allegations.   The numerous documents attached to the complaint provide little in the way of clarification.   The majority of the documents involved communications from Bank of America, the prior servicer of Wilson's mortgage loan[33] and a non-party.

The complaint lacks sufficient detail for CMS or Deutsche Bank (or any other defendant) to understand what each is alleged to have done and why it is allegedly liable to Wilson.   For example, Wilson alleges that "the defendant" made false representations, but Wilson provide no details on what each defendant falsely represented, how the false representation was made or when the false representation occurred.   Similarly, the allegation that "the defendant" falsely and deceptively requested certain financial disclosures from Wilson provides no information on how the requests were false or deceptive, what financial information was requested or when or how these requests were made.

Faced with a similarly vague complaint, the court in *Middleton v. Parrish Snead Franklin Simpson, PLC*, 2017 WL 774912 (D. Nev. Feb. 287, 2017) granted the defendants' motion to dismiss.   Middleton alleged he received a letter about a debt he owed from a defendant, Middleton faxed the defendant back, asking for verification of the debt, and the defendant then sent Middleton two additional letters, two emails and called four times.[34]   Middleton did not specify which of the defendants took the underlying action.   The court found that these allegations failed to "provide any factual allegations from which the defendants could divine

---

[33] R. Doc. 1-2; Exhibit P-6 – Letter from Bank of America to Wilson dated August 11, 2016, informing him that as of September 1, 2016, servicing of his mortgage loan will transfer from Bank of America to CMS.
[34] *Middleton v. Parrish Snead Franklin Simpson, PLC*, 2017 WL 774912, * 1 (D. Nev. Feb. 287, 2017).

947447.1

what each of them is alleged to have done to be liable" to Middleton.[35]  The court determined that this was reason enough to dismiss the complaint.[36]

The *Middleton* court went further and found that even if Middleton had specified what each defendant did, the complaint did not contain enough allegations to make the claims plausible.  Among other things, there were insufficient supporting facts to make plausible the claims that any of the defendants violated the FDCPA by committing fraud, using deception or failing to disclose information to him.  *Id.* (noting that the plaintiff simply stated that the defendants committed fraud or used deception with no specific facts supporting the allegations).

In *Burnett v. Mortgage Electronic Registration Systems, Inc.,* 706 F.3d 1231 (10th Cir. 2013), the court found that the plaintiff failed to state a claim under Section 1962e of the FDCPA due to the vague and nonspecific allegations in the complaint.  Section 1962e prohibits false representations made by a debt collector in connection with the collection of a debt.  The plaintiff alleged that the "defendants" false representations consisted of making demand for payment *via* payoffs, emails, faxes, telephone calls, among other forms of communications.  The court found that these allegations were "too conclusory, vague and confusing" to give each defendant fair notice of the claims and because it was "a litany of diverse and vague alleged acts ("emails, faxes, correspondence, and/or meetings and the like") with zero details or concrete examples."[37]  The court "could not tell *which* defendant is alleged to have done what" nor could the court "tell *what* the misconduct was."[38]  As the plaintiff was the one who ostensibly received the alleged false representations, she was well positioned to know the dates they were received

---

[35] *Id.*, at * 2.
[36] *Id.*
[37] *Burnett v. Mortgage Electronic Registration Systems, Inc.*, 706 F.3d 1231, 1240 (10th Cir. 2013).
[38] *Id.*

and who sent them.  The failure to include such information, the court concluded, was fatal to her complaint.[39]

Because Wilson's complaint lacks sufficient detail for Deutsche Bank and CMS to divine what each is alleged to have done which makes them liable to Wilson, the claims against Deutsche Bank and CMS must be dismissed.

## V.   ALTERNATIVE RULE 12(E) MOTION FOR MORE DEFINITE STATEMENT

In the alternative to the Rule 12(b)(6) motion to dismiss because the complaint fails to give CMS and Deutsche Bank fair notice of the claims against them, CMS and Deutsche Bank move for a more definite statement under Rule 12(e) of the Fed. R. Civ. P.

Rule 8 of the Fed. R. Civ. P. requires a party to provide a short and plain statement of the claim showing that the pleader is entitled to relief, so as to give the opposing party notice of the claim and an adequate opportunity to respond.  Rule 12(e) allows a party to move for a more definite statement of a pleading which is so vague and ambiguous that the party cannot reasonable prepare a response.  While notice pleading under Rule 8 does not require "hyper technical code pleadings,"[40] more than labels and conclusions are necessary, and formulaic recitations of the elements of a cause of action are insufficient.[41]  Thus, "[i]f a pleading fails to specific the allegations in a manner that provides sufficient notice," a Rule 12(e) motion is appropriate.[42]

As discussed above, Wilson's complaint is divided into four separate counts, one count for each defendant, but each count is virtually identical.  Wilson uses broad statements that "the defendant" made false representations, but the complaint provides no specificity about what each

---

[39] *Id.*
[40] *Ashcroft*, 556 U.S. at 678-79.
[41] *Twombly*, 550 U.S. at 555.
[42] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

defendant is alleged to have done.  On the face of the complaint, Deutsche Bank and CMS cannot ascertain what it is alleged to have done, when the alleged actions occurred and why the alleged actions make them liable to Wilson.  The numerous documents attached to the complaint similarly fail to provide defendants with sufficient notice of the complaint against them.[43] Wilson should be ordered to amend his complaint to explain the "who, what when, where, why and how" of CMS and Deutsche Bank's wrongdoing and how these alleged wrongdoings led to Wilson's injuries.[44]

**VI.    CONCLUSION**

The FDCPA claims against Deutsche Bank should be dismissed because Deutsche Bank is not a debt collector under the Act.  The FDCPA claims against Deutsche Bank and CMS should also be dismissed because Wilson fails to give Deutsche Bank and CMS fair notice of the allegations against them.  In the alternative, Wilson should be ordered to amend his complaint to provide a more definite statement of the claims against Deutsche Bank and CMS.

---

[43] *Bowers v. Crystal Valley, R.V.*, 1996 WL 169415 (N.D. Ill. Apr. 9, 1996)(granting Rule 12(e) motion where plaintiffs attached to the complaint a chronological summary of various vehicle defects and repair attempts at various dealers, and various warranty documents, stating "[j]use as you cannot win a game of poker by telling your opponents that somewhere in the fifty-two cards lurks a winning Royal Flush, the [plaintiffs] must do more than append raw data and say, find it, it's in there somewhere.")

[44] *See Arceneaux v. Blanchard Contractors*, 2013 WL 5329898 (E.D. La. Sept. 20, 2013)(granting Rule 12(e) motion where complaint did not give defendants adequate notice of the injuries plaintiff allegedly sustained, nor any information pertaining to the incident which allegedly caused his injuries); *i.e. In re Smith,* 2009 WL 1924791 (E.D. Tenn. June 30, 2009)(plaintiff complied with Rule 8 where she expressly averred that the defendant made false statements, where the statements were made, and provided details about how the statements were false).

947447.1

Respectfully submitted,

*/s/ Amanda S. Stout*
Jonathan G. Wilbourn, (La. Bar Roll No. 27683)
Amanda S. Stout (La. Bar Roll No. 29001)
McGLINCHEY STAFFORD
301 Main Street, Ste. 1400
Baton Rouge, LA 70801
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076

ATTORNEYS FOR CARRINGTON MORTGAGE
SERVICES, LLC AND DEUTSCHE BANK
NATIONAL TRUST COMPANY FKA
BANKERS TRUST COMPANY OF
CALIFORNIA, N.A., AS TRUSTEE FOR THE
HOLDERS OF THE VENDEE MORTGAGE
TRUST 1999-2

## CERTIFICATE OF SERVICE

I certify that a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all known counsel of record by operation of the court's CM/ECF system.  I also certify that I have mailed by United States Postal Service this filing to the following non-CM/ECF participants:  William Wilson, 3701 Division Street, Suite 131, Metairie, LA 70002.

Baton Rouge, Louisiana this 8th day of August, 2017.

*/s/ Amanda S. Stout*
Amanda S. Stout

947447.1

11