UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIAM WILSON, JR. | CIVIL ACTION |
| VERSUS | NO. 17-2997 |
| NICHOLAS GREST, ET AL. | SECTION "R" (4) |

## **ORDER AND REASONS**

Defendant Herschel Adcock, Jr.[1] and defendants Carrington Mortgage Services, LLC and Deutsche Bank National Trust Company[2] separately move to dismiss plaintiff's complaint. For the following reasons, the Court grants both motions.

## **I.    BACKGROUND**

This case arises out of allegedly unfair debt collection practices in connection with a mortgage on a home in New Orleans, Louisiana.[3] On February 25, 1999, plaintiff William Wilson Jr. executed a promissory note and mortgage in favor of the Secretary of Veterans Affairs.[4] The documents attached to plaintiff's complaint indicate that, on June 24, 1999, the note was

---

[1]    R. Doc. 21.
[2]    R. Doc. 20.
[3]    R. Doc. 1.
[4]    *Id.* at 3; R. Doc. 1-2 at 1.

endorsed by the Department of Veterans Affairs to Bankers Trust Company of California as trustee for Vendee Mortgage Trust 1999-2.[5] Bankers Trust Company is now known as Deutsche Bank National Trust Company.[6]

Based on the documentation accompanying plaintiff's complaint, it appears that the mortgage entered into foreclosure at some point in time before 2016.[7] Bank of America served as plaintiff's mortgage servicer until September 2016, when it was replaced by Carrington Mortgage Services.[8] Herschel Adcock, Jr. represented Deutsche Bank in a civil suit against plaintiff in Orleans Civil District Court.[9] On September 26, 2016, Adcock withdrew from the case and Nicholas Grest was substituted as counsel of record.[10]

On April 7, 2017, plaintiff filed a *pro se* complaint in this Court alleging violations of the Fair Debt Collection Practices Act.[11] Plaintiff attached an exhibit to his complaint containing over 350 pages of documents.[12] Grest was not served with process and was dismissed from this litigation for failure

---

[5]  R. Doc. 1-2 at 1-2.
[6]  R. Doc. 1 at 20; R. Doc. 1-2 at 36; R. Doc. 20 at 2.
[7]  R. Doc. 1-2 at 17.
[8]  *Id.* at 9.
[9]  *Id.* at 34-42.
[10] *Id.* at 36.
[11] R. Doc. 1.
[12] R. Doc. 1-2.

to prosecute.[13] The remaining defendants now move to dismiss plaintiff's complaint for failure to state a claim.[14]

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal

---

[13] R. Doc. 24.
[14] R. Doc. 20; R. Doc. 21. Deutsche Bank and Carrington Mortgage Services also move, in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e). *See* R. Doc. 20. Adcock moves to dismiss under Rule 12(b)(5) as well as under Rule 12(b)(6), and moves to strike under Rule 12(f). Because plaintiff fails to state a claim under Rule 12(b)(6), the Court need not consider defendants' alternative arguments.

conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

### A. Applicability of Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act (FDCPA) regulates the activities of debt collectors, and does not apply to a creditor seeking to collect its own debts. *See Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718, 1721-22 (2017); *see also* 15 U.S.C. § 1692a(6) (defining debt collector as a person who collects "debts owed or due or asserted to be owed or due another"). Deutsche Bank contends that it owns plaintiff's debt, and is therefore not a debt collector under the statute.[15]

---

[15] R. Doc. 20-1 at 4-5.

The documents attached to plaintiff's complaint make clear that Deutsche Bank is not a debt collector. Plaintiff's exhibit includes a notarized copy of the assignment of his promissory note from the Department of Veterans Affairs to Bankers Trust Company of California,[16] now renamed Deutsche Bank. Further, correspondence from Carrington Mortgage Services to plaintiff identifies Deutsche Bank as the holder of the loan.[17]

The complaint asserts, without factual basis, that Deutsche Bank is a debt collector.[18] Plaintiff conclusorily alleges that Deutsche Bank acquired a counterfeit copy of plaintiff's promissory note and falsely represented that it is the holder of the note.[19] This allegation is not supported by specific facts and is implausible in light of the extensive documentation related to plaintiff's mortgage attached to the complaint.[20] When "an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls." *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004); *cf. Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F.3d 843, 848 (5th Cir.) ("[S]imply questioning the competency of an affiant in general terms in a

---

[16] R. Doc. 1-2 at 1-2.
[17] *Id.* at 22-23, 26.
[18] R. Doc. 1 at 20.
[19] *Id.* at 23.
[20] *See generally* R. Doc. 1-2.

5

complaint, when confronted with contrary and facially sufficient exhibit evidence, is insufficient to defeat a motion to dismiss-type inquiry").

The exhibits attached to plaintiff's complaint show that Deutsche Bank is not a debt collector, and is therefore not subject to the requirements of the FDCPA. Accordingly, plaintiff's allegations against Deutsche Bank are dismissed with prejudice.

### B. Factual Allegations

Plaintiff's claims against Carrington Mortgage Services and Adcock must also be dismissed because the complaint contains insufficient factual allegations to state a plausible claim for relief. The Court liberally construes plaintiff's *pro se* complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citation and quotation marks omitted). The complaint names each defendant in a separate count, but repeats the same allegations against every defendant. It is therefore unclear what specific violations plaintiff attributes to each defendant.

Plaintiff makes numerous allegations of false representation, which appear to allege violations of 15 U.S.C. § 1692e. Specifically, plaintiff asserts that defendants used false or fictitious names, falsely represented that they were the holders of the promissory note, falsely and deceptively stated that they were representing various parties, falsely and deceptively requested financial disclosures from plaintiff, and engaged in schemes to obtain plaintiff's financial information to fabricate records and to use the state court system to launder counterfeit securities.[21]

The sole factual basis for these allegations in the complaint is plaintiff's statement that his promissory note was made payable to the Secretary of Veterans Affairs and that no other parties were named on the mortgage.[22] Plaintiff appears to draw the conclusion that the Department of Veterans Affairs continues to own his debt, and that defendants have no right to collect it. But, as outlined above, plaintiff's own documentation indicates that the promissory note was assigned by the Department of Veterans Affairs to Bankers Trust Company of California.[23] Plaintiff alleges no facts to support a plausible inference that the promissory note is counterfeit. Plaintiff's other

---

[21] R. Doc. 1.
[22] *Id.* at 3.
[23] R. Doc. 1-2 at 1-2.

allegations of false representation similarly lack factual support. *See Brooks v. Flagstar Bank, FSB*, No. 11-67, 2011 WL 2710026, at *7-8 (E.D. La. 2011).

Plaintiff further alleges that defendants falsely represented that they had the right to foreclose against plaintiff's property and that they would sell plaintiff's property at a public auction if he failed to cooperate.[24] Attached to the complaint are letters from Adcock advising plaintiff that his property was seized and was scheduled for a sheriff's sale.[25] The letters did not make any specific demand for payment, but advised plaintiff that this was an attempt to collect a debt and that any information obtained would be used for that purpose.[26] Adcock's letters further identified the name and case number of the civil lawsuit brought by Deutsche Bank against plaintiff in state court, and advised plaintiff to consult his own attorney if he had questions about the sale.[27] Plaintiff alleges no facts to indicate that these letters included any false representations or involved unlawful action. No statutory violations are apparent on the face of the letters. *See* 15 U.S.C. § 1692e(4) (prohibiting the representation that nonpayment of debt will result in the sale of property, "*unless such action is lawful* and the debt collector or creditor intends to take

---

[24] R. Doc. 1 at 12, 18, 24-25.
[25] R. Doc. 1-2 at 38-42.
[26] *Id.*
[27] *Id.*

8

such action") (emphasis added). Nor does plaintiff provide any factual basis to infer that the other defendants violated the statute in connection with the foreclosure process.

Finally, plaintiff alleges that defendants violated the provisions of 15 U.S.C. § 1692g related to the validation of debts. Plaintiff asserts that defendants failed to verify their interest in his property within five business days of contacting him, and failed or refused to provide an accounting of his debt showing his unpaid balance.[28] The complaint alleges that plaintiff received a notice of default dated May 18, 2016, and sent a notice of dispute and request for validation to the lender and trustee on or about June 7, 2016.[29] Plaintiff specifies that he sent at least one request in June 2016 to the named lender appearing on the mortgage, Aegis Mortgage Corporation, asking for verification of the assignment of the mortgage.[30] Aegis Mortgage Corporation is not a party to this case, however, and plaintiff does not allege facts to support his § 1692g claim against any of the named defendants.

---

[28] R. Doc. 1 at 11-12, 18-19, 24. Plaintiff also alleges that defendants failed to explain how they obtained his financial information. *See id.* at 10, 16, 22-23. Although plaintiff asserts this is a violation of the FDCPA, he does not identify any part of the statute that imposes this obligation on defendants.
[29] *Id.* at 9, 15, 21.
[30] *Id.* at 10, 16, 22.

9

Moreover, plaintiff's exhibit includes a letter from Carrington Mortgage Services dated September 10, 2016 informing him that Carrington was his new mortgage service provider.[31] This letter appears to include the information required by 15 U.S.C. § 1692g(1), including the amount of the debt, the name of the creditor, and notice of the plaintiff's right to dispute the debt and to obtain the name and address of the original creditor.[32] Plaintiff's documentation also includes another letter from Carrington Mortgage Services dated November 30, 2016, apparently written in response to plaintiff's request for information.[33] This letter identifies the name and address of the note holder, Deutsche Bank, and the amount due on the loan.[34]

Accordingly, the Court finds that plaintiff's complaint contains insufficient factual allegations to raise a right to relief above the speculative level. *See Twombly*, 550 U.S. at 555. Plaintiff's assertions are conclusory and inconsistent with the documents included in his own exhibit. Plaintiff has not responded to defendants' motions to dismiss[35] or sought leave to

---

[31] R. Doc. 1-2 at 9-10.
[32] *Id.*
[33] *Id.* at 22-23.
[34] *Id.*
[35] On October 31, 2017, plaintiff filed a motion for extension of time to respond to defendant's motion for summary judgment. *See* R. Doc. 25. Adcock's motion for summary judgment was submitted on September 27,

10

amend his complaint.  Because plaintiff's allegations are contradicted by the documentary evidence, the Court finds that amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Court therefore dismisses plaintiff's claims with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss.  Plaintiff's claims against Deutsche Bank, Carrington Mortgage Services, and Herschel Adcock, Jr. are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __2nd__ day of November, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

2017, and is not the subject of this order.  *See* R. Doc. 22; R. Doc. 22-1.  The Court denies plaintiff's request for an extension of time as untimely, and as moot in light of this order.